## ED WHITTLE v. STATE.

No. A-8153.   Feb. 19, 1932.
Rehearing Denied April 9, 1932.

(9 Pac. [2d] 960.

Lon Morris & Son, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, hereinafter referred to as the defendant, was by information charged with assault with intent to kill, was tried and

convicted of assault with a dangerous weapon with intent to do bodily harm, and was sentenced by the court to imprisonment in the state penitentiary for one year, and appeals.

The testimony on behalf of the state, in substance, is that Lum Kanada was the father of Raymond Kanada; on the day of the trouble Raymond Kanada and Charlie Whittle, a son of defendant, Ed Whittle, had been hunting, and Charlie Whittle told his father, who was a city marshal and game ranger, that Raymond Kanada had been hunting and that he did not possess a hunting license. The testimony further shows the defendant in this case met Raymond Kanada and asked him what he had been doing and received a reply from the boy that he had been hunting, and further stated he did not have a hunting license. The defendant took the gun away from Raymond Kanada, but did not make any arrest and advised the Kanada boy that when he came down to the justice of the peace office the next day and paid his fine his gun would be returned to him. Later in the day Lum Kanada learned of this, and when he met the defendant on the street he asked for Raymond's gun. The defendant told Kanada he would give him the gun when he got "damn good and ready."

It is further shown by the record that the defendant and Lum Kanada engaged in quite a heated argument. During the argument the prosecuting witness demanded the payment of a bill which he claimed was long past due, and defendant replied, "I will pay it when I get good and ready." Lum Kanada then told the defendant to take the gun off and he could make him get ready, and the defendant replied he was not going to take the gun off. The testimony of eyewitnesses tended to show that

the prosecuting witness again demanded that he pay him, and stated that after defendant contracted the bill that he quit trading with him; the defendant told Kanada he was a liar, and Kanada replied he was a "damn lying son of a bitch"; the defendant started to draw his gun and Kanada started to run; defendant fired three shots rapidly as Kanada ran from him, hitting Kanada; one of the shots penetrating his left thigh. The testimony further shows that while the prosecuting witness was running and defendant was shooting, he said, "Run, you son of a bitch."

The defendant testifying in his own behalf admits the taking of the gun from Lum Kanada's son; that he and Lum Kanada met on the street and a conversation took place between them in substance as detailed by the state witnesses up to and including just before the defendant began shooting. His testimony conflicts with the state from that point on. Defendant states the defendant called him a "damn lying son of a bitch," and advanced toward him and made a motion as if to draw some kind of a weapon, and he fired in self-defense.

Several errors have been assigned by the defendant as grounds for reversal of this case. In his brief the argument is presented under three separate propositions. The first proposition urged by the defendant is that the court erred in giving instruction No. 9, which is as follows: "An officer has no legal right to take lawful property from a citizen without legal process therefor, or unless he has the citizen under arrest but such conduct on the part of an officer cannot be construed as such an overt act as to constitute provoking of a difficulty with another."

The defendant earnestly insists that the giving of the

instruction quoted was prejudicial to his rights, and insists that when the defendant asked Raymond Kanada for the gun he delivered the gun to the officer without his having to use force to get the gun from him. The defendant urges that because the gun was turned over without a fight between Raymond Kanada and defendant and without the defendant forcibly taking it from him, the court should not have given the instruction complained of. The fact that the defendant took the gun from the prosecuting witness' son is the cause of the difficulty. The boy knew the defendant was an officer and yielded to his demand.

The officer had no right to make the request and demand that the boy turn the gun over to him. Within the meaning of the law it was a forcible taking of the property and the officer admits he had no warrant for Raymond Kanada's arrest and did not arrest him.

The instruction No. 9, complained of, was applicable to the facts as disclosed by the record and did not prejudice the rights of the defendant.

Several other questions are urged by the defendant as grounds for a reversal of this case. The evidence is conflicting as to what occurred at the time the defendant began shooting. The testimony on behalf of the state shows that the prosecuting witness was running from the defendant at the time the shots were fired, and that testimony is born out by the physical facts as to the location of the wounds; the doctor's testimony showing the bullet entered the rear of the left thigh passing through to the front. The question of the sufficiency of the evidence was a question for the jury, and this court will not set aside the verdict of the jury on the ground of the

insufficiency of the evidence where there is any competent evidence to sustain the verdict.

The evidence is sufficient to sustain the judgment. The instructions of the court fairly declared the law as applied to the facts in the case. In fact, the instructions were more liberal to the defendant than to the state. There are no errors in the record sufficient to warrant a reversal.

The cause is affirmed.

EDWARDS and CHAPPELL, JJ., concur.